**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLAUDE MCCLAIN,

      Plaintiff - Appellant,

v.

BLAKE R. DAVIS, Warden; ASST
WARDEN; A. BARKER, Unit Manager;
S. BEICKER, Case Manager; S.
CEDENO, Unit Counselor; C. PORCKO,
Unit Case Manager; B. VAUGHN,
Medical Administrator, Records Only;
DR. SAVER, ADX,

      Defendants - Appellees.

No. 12-1273

D. Colorado

(D.C. No. 1:12-CV-00673-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant Claude McClain, a federal prisoner, filed this action against Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging his conditions of confinement violate his constitutional rights. Based on financial information provided to the district court, a federal magistrate judge granted McClain's request to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $0.50 or show cause why he had no means by which to pay the fee. *See* 28 U.S.C. § 1915(b)(1). McClain was specifically warned that his complaint would be dismissed if he failed to either pay the fee or show cause within thirty days. McClain did not pay the partial filing fee. Instead, he filed two letters[1] and a trust fund account statement indicating he had an available balance of $47.25 on March 29, 2012. Concluding McClain failed to remit the initial partial fee or show cause why he was unable to pay the fee, the district court dismissed his complaint without prejudice. McClain filed two motions pursuant to Rule 59(e), seeking reconsideration of the court's dismissal. Both were denied and this appeal followed.

McClain has filed a motion to proceed *in forma pauperis* on appeal with this court. Attached to that motion is a copy of his prison trust fund account

---

[1] In one of the letters, McClain stated he had enclosed a $1.00 postage stamp in satisfaction of the initial partial filing fee. It is unclear from the record whether the postage stamp was actually enclosed. Regardless, the district court correctly concluded McClain could not satisfy his fee obligation with postage stamps.

statement. That statement indicates McClain had an average monthly balance of $20.32 in his trust account for the six-month period ending July 19, 2012, thus contradicting McClain's assertion in his appellate brief that he has not had any funds in his prison trust fund account since his BOP incarceration began.

McClain also appears to argue he is not required to pay any filing fee because he was granted *ifp* status. The grant of *ifp* status, however, does not relieve an indigent litigant of the obligation to pay the filing fee, it only relieves him of the obligation to pay the fee in full before initiating his suit. 28 U.S.C. § 1915(b)(1); *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) ("Under the 1996 Prison Litigation Reform Act (PLRA), indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or an appeal. Ultimately, however, the prisoner shall be required to pay the full amount of a filing fee." (quotation and citation omitted)). Here, the magistrate judge specifically notified McClain of his obligation to pay the full $350.00 filing fee regardless of the outcome of the action.

Because the prison trust fund account statement filed with this court undermines McClain's assertions that he is unable to pay any initial partial filing fee and because McClain has not advanced any legally sufficient argument as to why the district court improperly dismissed his complaint, we conclude McClain's appeal is frivolous. Accordingly, this court **dismisses** McClain's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). McClain's motion to proceed *in*

-3-

*forma pauperis* on appeal is **denied.** He is ordered to immediately pay his appellate filing fee in full.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge